VICENTE ORTIZ LÓPEZ, a nombre y representación de su esposa PAULA ORTIZ DE ORTIZ, demandante y apelante, *v.* LA COMISIÓN HÍPICA INSULAR DE PUERTO RICO, demandada y apelada.

No. 4716.—*Sometido:* Enero 17, 1929. *Resuelto:* Junio 20, 1929.

772

*R. Cuevas Zequeira y H. B. Llenza,* abogados de la apelante; *J. Martínez Dávila,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Un jurado del hipódromo anuló una de siete carreras celebradas y suspendió el pago del *pool.* Dentro de las 48 horas, la Comisión Hípica confirmó esa decisión. La corte de distrito, después de oír a las partes, se negó a expedir un auto de *certiorari.*

La peticionaria alega, en síntesis, que había escogido el ganador en cada una de las siete carreras, y que a virtud de la eliminación de la quinta carrera, fué despojada del producido líquido del *pool,* que ascendió a más de $16,000. Ella no tenía derechos adquiridos de propiedad sobre el producido líquido del *pool* cuando la quinta carrera fué anulada. La sexta y séptima carreras estaban aún por efectuarse. Su situación no era distinta a la del individuo de Kentucky que entabló una acción por daños y perjuicios con motivo de la demora en la transportación de un caballo de carreras que de otro modo hubiera ganado un premio en Louisville. La reso-

lución de la comisión se retrotrae a la fecha del fallo del jurado, y en ningún momento la peticionaria fué privada de su propiedad sin el debido procedimiento de ley o en alguna otra forma.

■ El primer párrafo del artículo 19 de la Ley Hípica, Leyes de 1927, página 207—que es uno de los varios artículos agrupados bajo el subtítulo *"Jurado del Hipódromo"*—dispone que "las corporaciones o personas que especulen con el negocio de hipódromo, así como los dueños de caballos, *jockeys,* cuadreros, *trainers,* o cualesquiera otros interesados, quedarán supeditados" a las decisiones del jurado. De no ser la peticionaria una persona que especulaba con el negocio de hipódromo, era, por lo menos, una de "cualesquiera otros interesados."

■ Otro aspecto de la solicitud de *certiorari* es la alegación de que la comisión actuó sin justa causa y sin que se hubiese demostrado la ocurrencia de irregularidades, deficiencias y maniobras graves, ni la existencia de fraude. El lenguaje usado sigue en parte el del *disponiéndose* del artículo 19, *supra,* al efecto de que "en todo caso en que el jurado considere que en alguna carrera han ocurrido irregularidades, deficiencias y maniobras, graves, que *prima facie* hagan apreciar que la carrera ha sido verificada y conducida de un modo ilegal y malicioso, podrá suspender sus efectos para el pago del *pool* y bancas, pero dando cuenta inmediatamente a la Comisión Hípica Insular de su acuerdo y de sus fundamentos y dicha Comisión Hípica Insular, dentro de un término que no podrá exceder de cuarenta y ocho horas a contar desde la celebración de la carrera, y la resolución que dictare será firme, ejecutoria e inapelable."

Así, pues, la decisión del jurado se hace girar sobre la opinión formada por dicho cuerpo, y no sobre la existencia de "irregularidades, deficiencias y maniobras, graves, que *prima facie* hagan apreciar que la carrera ha sido verificada y conducida de un modo ilegal y malicioso." No se dispone un juicio *de novo* ante la Comisión Hípica. Tampoco se dispone

la formalidad de un juicio, ni siquiera de una investigación, en primera instancia. El jurado puede actuar inmediatamente por la impresión derivada de la observación personal. La comisión puede proceder sobre la decisión del jurado y sus fundamentos, como punto de partida y base para la audiencia pública que haya de concedérseles a las partes interesadas. Una audiencia pública de las partes interesadas es todo lo que la ley exige. La petición en el presente caso alega expresamente que la decisión de la comisión fué dictada después de tal audiencia.

Si la comisión estuviera autorizada para emitir sus decisiones sólo cuando se demuestre justa causa en apoyo de la conclusión a que el jurado hubiere llegado, la petición seguiría siendo, como lo es en substancia, una tentativa ligeramente velada para hacer que la corte de distrito revise los méritos de una decisión que solamente envuelve cuestiones de hecho. A tenor de los hechos expuestos, la peticionaria no tenía derecho al remedio de *certiorari, y la sentencia recurrida debe ser confirmada.*